IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD DEAN DUTTON, #238-659
          Petitioner               :

        v.                       :  CIVIL ACTION NO.  RWT-06-247

NANCY ROUSE, ET AL.,           :
          Respondents

## MEMORANDUM OPINION

The above-captioned application for habeas corpus relief, dated January 12, 2006, was received for filing on January 27, 2006.[1] The Court has considered Respondents' Limited Response (Paper No. 6) and Petitioner's Reply thereto.  (Paper No. 8).  For the reasons that follow, the Petition will be denied and dismissed as time-barred.

## Procedural History

Petitioner seeks to challenge his September 9, 1999, robbery conviction obtained in the Circuit Court for Baltimore County.[2] Paper No. 6, Exhibit 1.  Petitioner entered a timely application for leave to appeal the taking of his plea,[3] but thereafter requested the application be dismissed. Dismissal was granted on November 27, 2002.[4]  Id., Exhibit 2.

On July 27, 2001, while his application for leave to appeal was pending, Petitioner initiated post conviction proceedings.  Id., Exhibit 1 at 4.  Relief was denied by the Circuit Court on

---

[1]     Under the "prison mail box rule," the Petition has been deemed to have been filed effective January 12, 2006. See Houston v. Lack, 487 U.S. 266, 272-73 (1988); see also United States v. Dorsey, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2]     Petitioner entered an Alford plea and was sentenced the same day to fifteen years imprisonment, consecutive to a sentence he already was serving.  Id., Exhibit 1 at 8.

[3]     Under North Carolina v. Alford, 400 U.S. 25, 37 (1970), a person accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a sentence even if she is unwilling or unable to admit participation in the acts constituting the crime.

[4]     The mandate issued December 3, 2002.  Id.

December 31, 2002.  Id. at 6.  A timely application for leave to appeal the denial of post conviction

relief was denied by the Court of Special Appeals in an unreported opinion filed May 16, 2003.[5]  Id.,

Exhibit 3.

## <u>Legal Analysis</u>

In an effort to curb lengthy delays in filing federal habeas corpus petitions, while preserving

the availability of review when a prisoner diligently pursues state remedies and applies for federal

habeas review in a timely manner, Congress passed the Antiterrorism and Effective Death Penalty

Act ("AEDPA") of 1996.

The AEDPA has substantively modified the scope and context of federal habeas corpus

review of challenges to state court convictions.  Among the changes made by this law was the

addition of a one-year statute of limitations in non-capital cases for persons convicted in a state

court.  *See* 28 U.S.C. §2244(d).[6]

---

[5]        The mandate issued June 16, 2003.  Id.

[6]    This section provides:

(1)        A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of-

(A)        the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review;

(B)        the date on which the impediment to filing an application
created by State action in violation of the constitution or laws of the
United States is removed, if the applicant was prevented from filing by
such State action;

(C)        the date on which the constitutional right asserted was initially

-2-

 recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on collateral
review; or

(D)        the date on which the factual predicate of the claim or claims

Petitioner's state court proceedings became final on June 16, 2003.  He did not, however, seek federal habeas corpus relief until January 12, 2006, nearly two and one-half years later. Petitioner contends that the limitations period should be tolled during the period between June of 2003 and the latter part of 2005, because his motion to correct an illegal sentence was pending in the state courts.[7]   Paper No. 8 at 1.   This contention is contrary to controlling case law.  See Walkowiak v. Haines, 272 F.3d 234, 236-37 (4th Cir. 2001) (collateral review refers to a proceeding separate and distinct from that in which the original judgment was rendered); see also Maryland v. Kanaras, 357 Md. 170, 183 (1999) (language of Maryland Rule 4-345 concerning revision and correction of sentence does not indicate an intention to create a separate cause of action apart from the criminal proceeding).

The Petition is time-barred.  It shall be dismissed by way of a separately filed Order.


_____5/18/06_____                                          _____/s/_____
Date                                                                      ROGER W. TITUS
                                                                          UNITED STATES DISTRICT JUDGE

---

presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[7]     He also claims that the AEDPA should not apply to him because he is not a capital defendant.  Id. This claim is without merit.